IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § | Civil No. 1:21-cr-59-HSO-BWR-2 |
| § § § | |
| LAFAYETTE COPELAND § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT LAFAYETTE COPELAND'S MOTION [380] FOR COMPASSIONATE RELEASE

Defendant Lafayette Copeland's Motion [380] to Reduce Sentence requests early release because he is blind. Having considered Defendant's arguments, the record, and relevant legal authority, the Court finds that the Motion [380] should be denied.

## I. BACKGROUND

In February 2019, Defendant Lafayette Copeland ("Defendant") was shot four times in the head and face, leaving him blind.[1] Presentence Investigation Report ("PSR") [281] at 19 (under seal). In early 2020, the Drug Enforcement Administration and Gulfport Police Department began a narcotics and firearms investigation into Raheem Lane ("Lane"). *Id.* at 11. Lane was arrested, and he named Defendant as his source of supply for illegal counterfeit drugs. *Id.* at 11. Lane also stated that he purchased two firearms from Defendant. *Id.*

---

[1] While Defendant told probation that the shooting occurred in February 2019, medical records provided to probation "indicated that the defendant was initially treated for gunshot wounds to his face on June 22, 2018." PSR [281] at 31.

On October 19, 2021, Defendant was charged in a two-count Indictment [31] with one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, and one count of conspiracy to possess firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(o). *See* Indict. [31] at 1-4.  Pursuant to a Plea Agreement [239] with the Government, Defendant ultimately pled guilty to the second count, *see* Plea Agreement [239] at 1, and on August 4, 2022, he was sentenced to 60 months of imprisonment, J. [283] at 2.  Defendant did not file a direct appeal.

On November 27, 2024, Defendant filed the instant form Motion [380] for Compassionate Release.  *See* Mot. [380].  In response to a question on the form to specify what extraordinary and compelling reasons warrant early release, Defendant marked the box stating that

> I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

Mot. [380] at 4.  He then added that his blindness constitutes a serious medical condition and that the facility where he is incarcerated will not sufficiently assist him.  *Id.* at 5.

The Government responds that Defendant's medical records do not support the arguments in Defendant's Motion [380] and instead show that his blindness has not diminished his ability to provide self-care, such that no extraordinary and compelling reason for compassionate release exists.  Resp. [382] at 5-6.  The

2

Government highlights that the Federal Bureau of Prisons ("BOP") medical reports describe Defendant as "Independent for self care" and show that when Defendant has needed assistance, it has been provided to him. *Id.* at 6-7. The Government maintains that should the Court find an extraordinary circumstance warranting release does exist, the Motion [380] should nevertheless be denied because the serious nature of Defendant's offense remains unchanged, and his blindness did not prevent him from committing multiple crimes, including the instant offense. *Id.* at 9. And for the same reasons, the Government contends that Defendant remains a danger to the community. *Id.* at 10. The Government concedes that Defendant has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(a), as he submitted a formal request for compassionate release to the warden of the prison where he is incarcerated, which was denied. *Id.* at 4; *see also* Exs. [382-1], [382-2].

## II.  DISCUSSION

A.  <u>Whether Defendant has shown an extraordinary and compelling circumstance justifying release</u>

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). A "district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Id.*

"Amendment 814 to the Sentencing Guidelines . . . expanded the list of extraordinary and compelling reasons upon which compassionate release may be based." *United States v. Vazquez*, No. 24-10012, 2024 WL 4326542, at *1 (5th Cir. Sept. 27, 2024). United States Sentencing Guidelines § 1B1.13 sets forth six circumstances under which "extraordinary and compelling reasons" may exist: "(1) Medical Circumstances of the Defendant[;]" "(2) Age of the Defendant[;]" "(3) Family Circumstances of the Defendant[;]" "(4) Victim of Abuse[;]" "(5) Other Reasons[;]" and "(6) Unusually Long Sentence." U.S.S.G. § 1B1.13 (emphasis removed).

Defendant cites his blindness as an extraordinary and compelling reason justifying a reduction in sentence. Mot. [380] at 4-5. The Sentencing Guidelines specify four circumstances where a medical condition constitutes an extraordinary and compelling reason, but only § 1B1.13(b)(1)(B) is relevant here. *See id.* Under § 1B1.13(b)(1)(B), an extraordinary and compelling reason for early release exists if

> (B) [t]he defendant is--
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>> that substantially diminishes the ability of the defendant to provide self- care within the environment of a correctional facility and from which he or she is not expected to recover.

4

U.S.S.G. § 1B1.13(b)(1)(B).

While Defendant does suffer from a serious functional impairment in that he is blind, the record does not demonstrate that this condition "substantially diminishes the ability of [Defendant] to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13(b)(1)(B); *see* Medical Records [384-1] (under seal). As of May 29, 2024, Defendant was found to be "[i]ndependent for self care[,]" and only needs "occasional assist[ance]" moving through the prison where he is incarcerated, as the medical records state that he is able to "self propel[] in [a] standard wheelchair" and is "slowly improving with blind (white) cane training." Medical Records [384-1] at 26 (under seal). As of October 3, 2024, Defendant had finished blind cane training, and on November 5, 2024, he stated that "I am okay" when asked about his condition. *Id.* at 2, 12. The record reflects that BOP has continued to provide Defendant with any necessary assistance, such as a wheelchair and blind cane training, and it has provided Defendant with eye prosthetics, artificial tears to keep the eye prosthetics lubricated, a CPAP machine to help with sleep apnea, and any necessary prescriptions. *Id.* at 33, 54, 58, 73, 148-150. Even when Defendant refused to take his seizure medication because he believed that "seizures ain't no big thing[,]" BOP's medical staff continued to assist him and educate him on the dangers of failing to take his medicine. *Id.* at 43, 71. Additionally, as the Government points out, it strains credulity for Defendant to assert that he cannot care for himself because he is blind, when his loss of vision did

5

not prevent him from committing the instant offense that resulted in his incarceration. *See* PSR [37] at 11-12.

For the foregoing reasons, Defendant has not carried his burden of showing an extraordinary and compelling reason exists, and his Motion [380] should be denied. *See, e.g.*, *United States v. Sidon*, No. 23-10123, 2023 WL 4994952, at *1 (5th Cir. Aug. 4, 2023) (affirming the denial of compassionate release where defendant cites his blindness as the extraordinary and compelling circumstance warranting release); *United States v. Anderson*, No. 3:21-CR-51-KHJ-LGI, 2023 WL 417404, at *2 (S.D. Miss. Jan. 25, 2023) (denying compassionate release where defendant was blind because "the Court considered [defendant's] condition before his sentencing" and "he has help navigating the prison, and he has received adequate medical treatment for his condition, including surgery for his right eye"); *United States v. Chavez-Ceja*, No. 4:17-CR-30(1), 2020 WL 6688905, at *4 (E.D. Tex. Nov. 10, 2020) (denying compassionate release of a defendant with partial blindness because "these conditions did not preclude him from committing the offense of conviction, from illegally reentering the United States from Mexico in 2017, or from engaging in decades of prior criminal activities"); *United States v. Morales*, No. 4:13-CR-200(4), 2020 WL 5505904, at *4-7 (E.D. Tex. Sept. 11, 2020) (denying compassionate release where the defendant's medical conditions, which included legal blindness, did not prevent him from "committing serious criminal offenses while suffering from the same conditions he has today").

6

B.  The applicable factors set forth at 18 U.S.C. § 3553(a) weigh against Defendant's release

Even if Defendant had presented evidence of an extraordinary and compelling circumstance under 18 U.S.C. § 3582(c)(1)(A)(i), the § 3553(a) factors weigh against his release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)).

As an initial matter, "the burden falls on the defendant to 'convince the district judge to exercise discretion to grant the motion [for compassionate release] after considering the [Section] 3553(a) factors.'" *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (alteration in original) (quoting *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)). Defendant has not addressed the § 3553(a) factors, and he has not met his burden. *See* Mot. [380]. Moreover, the facts of this case weigh against early release. Defendant was convicted of conspiracy to possess firearms in furtherance of drug trafficking, a serious crime. PSR [37] at 13 (under seal). Defendant's lengthy criminal history includes several prior criminal convictions, five of which were based on crimes committed *after* Defendant became blind, including the conviction in this case. *Id.* at 15-18. Defendant also has

7

received a disciplinary violation for being insolent towards a staff member. *See* Ex. [382-4].

In sum, Defendant was convicted of a serious offense, and the sentence imposed in this case reflects that seriousness, as well as the need for deterrence and protection of the public under the applicable factors set forth at § 3553(a). Because of his disciplinary issues while incarcerated and his criminal history, much of which occurred after he became blind, Defendant has not shown he is no longer a danger to the community. Considering the totality of the record before it, the Court finds that reducing Defendant's sentence would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. 18 U.S.C. § 3553(a). Defendant's Motion [380] for Compassionate Release should be denied.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Lafayette Copeland's Motion [380] to Reduce Sentence is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of February, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

8